LEAR, Judge.
Plaintiff filed suit on open account against the defendant, alleging that the defendant was indebted to petitioner in the amount of $1,548.50, together with legal interest and for all costs of court. After hearing the evidence, the trial court gave judgment in favor of plaintiff in the sum of $164.30, together with legal interest, and further divided the court costs between the two parties.
The evidence shows that Mr. Borskey, who operates Louisiana Tree Service, Inc., had an open account at Pope’s, Inc., which company sells auto parts. Each month Mr. Borskey’s wife, who was secretary for the corporation, paid all invoices and statements. She paid several statements before she or her husband learned that one of their employees, one Roosevelt Allen, had been charging merchandise at Pope’s Inc. on the account of Louisiana Tree Service, Inc. Upon learning of this fact, defendant stopped payment on the check which his wife had just mailed to Pope’s, Inc.
The issue in the case concerned whether or not there was evidence to show that defendant corporation or Mr. Borskey had in any way clothed the employee, Roosevelt Allen, with apparent authority to charge merchandise to the account of Louisiana Tree Service, Inc.
A reading of the transcript indicates that no such authority was ever given to Roosevelt Allen, nor had defendant corporation or Mr. Borskey ever granted Roosevelt Allen apparent authority to make such purchases. Defendant argues that the payment of two statements prior to the discovery that Roosevelt Allen was making such purchases led the plaintiff into believing Roosevelt Allen did have such authority. However, the record does not disclose that either Mr. Borskey or Mrs. Borskey ever knew that a portion of the purchases shown on the statements were made by someone other than Mr. Borskey. Plaintiff cites Alphonse Brenner Co., Inc. v. Dickerson, 283 So.2d 849 (La.App. 1st Cir., 1973), as authority for his position. However, the Court is of the opinion that Brenner is not applicable under the facts of this case.
For the above reasons the judgment of the trial court is affirmed, plaintiff-appellant to pay all costs of this appeal.
AFFIRMED.